ACCEPTED
01-15-00423-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/28/2015 6:07:52 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00423-CV

IN THE

FILED IN
1st COURT OF APPEALS
HOUSTON, TX
May 28, 2015
CHRISTOPHER A. PRINE,
CLERK

FIRST JUDICIAL DISTRICT COURT OF APPEALS

at HOUSTON, TEXAS

IN RE 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES,
Relators

ORIGINAL PROCEEDING FROM THE 133rd JUDICIAL DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

---

## SECOND SUPPLEMENTAL RECORD AND ARGUMENT FOR PETITION FOR WRIT OF MANDAMUS

---

*MOSSER LAW PLLC*
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
2805 Dallas Parkway, Suite 220
Plano, Texas 75093
Tel. (972) 733-3223
Fax (469) 626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR RELATORS**

RELATORS REQUEST ORAL ARGUMENT
RELATORS REQUEST TEMPORARY RELIEF

SUPPLEMENT TO PETITION FOR WRIT OF MANDAMUS                    i

## TABLE OF CONTENTS

**TABLE OF CONTENTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**SUPPLEMENTAL STATEMENT OF FACTS**. . . . . . . . . . . . . . . . . . . . . . . 1

**SUPPLEMENTAL PRAYER**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**CERTIFICATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**CERTIFICATE OF COMPLIANCE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**CERTIFICATE OF SERVICE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**SUPPLEMENTAL APPENDIX AND RECORD**. . . . . . . . . . . . . . . . . . . 5

## SUPPLEMENTAL STATEMENT OF FACTS

1.     On May 14, 2015, The First Court Of Appeals denied Relator's Motion for Temporary Relief staying further action on this discovery sanction by the Respondent.

2.     On May 21, 2015, the Respondent proceeded to hear argument on the Real Parties in Interest's Fourth Motion to Enforce the Court's Order and granted the motion, imposing additional sanctions above and beyond those contained in Respondent's Order Granting Real Parties in Interest's Third Motion to Enforce the Court's Order. App at 448-49.

3.     On May 22, 2015, the Relators filed their objections to the orders. App. at 450.

## SUPPLEMENTAL ARGUMENT

4.     Relators stand on the argument made in opposition to the Respondent's Second and Third Orders Granting Real Parties in Interests' Motion to Enforce the Court's Order. Relators maintain that, in addition to the April 1, 2015 and April 27, 2015 orders, Respondent's May 21, 2015 order is also void or, alternatively, constitutes an abuse of discretion for which there is no adequate

remedy at appeal. *See Relator's Original Petition for Writ of Mandamus.* All arguments made in support of a grant of a Writ of Mandamus in Relators' Petition apply with equal force to this newly issued order. *See id.*

## SUPPLEMENTAL PRAYER

WHEREFORE, PREMISES CONSIDERED, Relators pray that this court find that Respondent abused her discretion in compelling production of the documents requested by the Real Parties in Interest and imposing sanctions on the Relators, find that there is no adequate remedy by appeal, and issue a writ of mandamus compelling Respondent to vacate her April 1, 2015 order compelling discovery; her April 27, 2015 order compelling discovery and imposing sanctions; and her May 21, 2015 order imposing sanctions and which upheld the April 1, 2015 and April 27, 2015 orders.

Respectfully Submitted, MOSSER LAW PLLC


s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey

SUPPLEMENT TO PETITION FOR WRIT OF MANDAMUS                    2

Texas Bar No. 24080659
Mosser Law, PLLC
2805 Dallas Parkway Suite 222
Plano, Texas 75093
Telephone 972-733-3223
Facsimile 469-626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR DEFENDANTS 8650 FRISCO, LLC, D/B/A 8650 FRISCO, LLC BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; AND DAVID JEIEL RODRIGUES**

## CERTIFICATION

I certify that I have reviewed the petition and conclude that every factual statement in the petition is supported by competent evidence included in the attached appendix or record and I certify that the documents attached in the appendix are true and correct copies of the originals.

/s/ Paul J. Downey
Paul J. Downey

## CERTIFICATE OF COMPLIANCE

I certify that there are 294 words in this supplemental document which, when taken in conjunction with the 5847 words in the Original Petition for Writ of Mandamus and the First Supplement, brings the total to 6141 words between all documents. I relied on the word count function of WordPerfect X6, which was used to prepare this document.

/s/ Paul J. Downey
Paul J. Downey

## CERTIFICATE OF SERVICE

I certify that on May 28, 2015, this document was served on the following parties or counsel of records in accordance with Texas Rule of Appellate Procedure 9.5:

**Respondent**
Honorable Jaclanel McFarland
Judge Presiding
133rd Judicial District Court
Harris County Civil Courthouse
201 Caroline, 11th Floor
Houston, Texas 77002
Tel. 713-368-6200

**Real Parties In Interest**
Los Cucos Mexican Café VIII, Inc.;
Los Cucos Mexican Café IV, Inc.;
Manuel Cabrera; and
Sergio Cabrera,
represented by

Hawash Meade Gaston Neese & Cicack LLP
Samuel B. Haren
Texas Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
Tel. 713-658-9001
Fax 713-658-9011
sharen@hmgnc.com

/s/ Paul J. Downey
Paul J. Downey

**CAUSE NO. 2014-10896**

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, | § | IN THE DISTRICT COURT |
| INC., LOS CUCOS MEXICAN | § | |
| CAFÉ IV, INC., MANUEL | § | |
| CABRERA, and SERGIO | § | |
| CABRERA | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | 133rd JUDICIAL DISTRICT |
| | § | |
| 8650 FRISCO LLC, MANDONA | § | |
| LLC, GALOVELHO LLC, | § | |
| BAHTCHE LLC, CLAUDIO | § | |
| NUNES, AND DAVID JEIEL | § | |
| RODRIGUES | § | |
| DEFENDANT. | § | OF HARRIS COUNTY, TEXAS |

## SUPPLEMENTAL APPENDIX AND RECORD
## TABLE OF CONTENTS

Exhibit AB - Order Granting Plaintiff's Fourth Motion to Enforce
The Court's Order. . . . . . . . . . . . . . . . . . . . . . . . . App. 448

Exhibit AC - Relator's Objections to Respondent's May 21, 2015
Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 450

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA PLAINTIFFS, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 133rd JUDICIAL DISTRICT |
| 8650 FRISCO LLC, MANDONA LLC, GALOVELHO LLC, BAHTCHE LLC, CLAUDIO NUNES, AND DAVID JEIEL RODRIGUES DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## UNSWORN DECLARATION OF PAUL J. DOWNEY

1. My name is Paul J. Downey. I am of sound mind, capable of making this unsworn declaration, and personally acquainted with the facts herein stated.

2. I am a lawyer at Mosser Law, PLLC.

3. I am one of the custodians of the records at Mosser Law, PLLC.

4. Attached hereto are the following 8 pages of records from Mosser Law, PLLC. These records are kept by Mosser Law, PLLC in the regular course of business, and it was in the regular course of business of Mosser Law, PLLC, that an employee or representative of Mosser Law PLLC, with knowledge of the act or event recorded,

made the records.

5. The records were made at or near the time of the event, or reasonably soon thereafter.

6. The records attached hereto are exact duplicates of the originals and contain:

  a. Exhibit AB - Order Granting Plaintiff's Fourth Motion to Enforce The Court's Order;

  b. Exhibit AC - Defendants' Objections to the Court's Order Granting Plaintiffs' Fourth Motion to Enforce the Court's Order.

My name is Paul James Downey, my date of birth is January 19, 1984, and my address is C/O Mosser Law, PLLC, 2805 Dallas Parkway, Suite 222, Plano, Texas 75093, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on the 28th Day of May, 2015.

Paul J. Downey

| | |
|---|---|
| Los Cucos Mexican Cafe VIII, Inc.; Los Cucos Mexican Cafe IV, Inc.; Manuel Cabrera; and Sergio Cabrera, <br> Plaintiffs <br><br> v. <br><br> 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues, <br> Defendant | In the District Court of <br><br><br> Harris County, Texas <br><br><br> 133rd Judicial District |

## Order Granting Plaintiffs' Fourth Motion To Enforce The Court's Order

On this day the Court came to consider Plaintiffs' Fourth Motion to Enforce the Court's Order (the "Motion"). After considering the facts, law, and argument of counsel, the Court has decided to GRANT the Motion.

The Court finds that

- ~~Defendants and their counsel have wasted substantial amounts of the Court's and Plaintiffs' time by filing frivolous motions, making bad-faith arguments, and feigning ignorance of basic factual and legal issues;~~

- Defendants and their counsel have violated their discovery obligations by lodging frivolous objections, making inadequate productions, refusing to comply with the Court's orders, and asking third parties to destroy evidence;

- Defendants' counsel has acted unprofessionally to the Court, the Court's staff, and Plaintiffs' counsel throughout this litigation;

- Defendants have failed or refused to comply with four prior orders from this Court; and

- Defendants did not comply with this Court's order even after sanctions were entered and a show cause order was threatened.

The Court hereby imposes the following sanctions:

- Defendants shall pay a sanction of $ 5,000.00 to Plaintiffs. This sanction is based on the reasonable and necessary attorneys' fees incurred by Plaintiffs in attempting to secure production of the documents Defendants have failed to produce. This sanction is to be paid by cashier's check to Hawash Meade Gaston Neese & Cicack LLP's IOLTA Account. The check shall be hand-delivered to the offices of Hawash Meade Gaston Neese & Cicack LLP during normal business hours within forty-eight hours of the entry of this order.

- ~~James Mosser, Nicholas Mosser, Claudio Nunes, and David Jeiel Rodrigues shall appear in this Court on the ___ day of _____, 2015 at __:___ .m. and show cause as to why they should not be held in contempt.~~

- ~~Defendants shall not be entitled to conduct or participate in any further discovery in this case.~~

This order does not replace or supplant the Court's April 27, 2015 Order Granting Plaintiffs' Third Motion to Enforce the Court's Order. All sanctions and required imposed therein remain in force.

Signed at 11:21 a.m. on the 21 day of MAY, 2015.

Judge Presiding

2

Exhibit AB App.449

CAUSE NO. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, INC., LOS CUCOS MEXICAN CAFÉ IV, INC., MANUEL CABRERA, and SERGIO CABRERA | § § § § § § § | IN THE DISTRICT COURT OF |
| PLAINTIFFS, | § § | |
| V. | § § § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES and DAVID JEIEL RODRIGUES | § § § § § § § | |
| DEFENDANTS. | § | 133rd JUDICIAL DISTRICT |

**DEFENDANT'S OBJECTIONS TO THE COURT'S ORDER GRANTING PLAINTIFF'S FOURTH MOTION TO ENFORCE THE COURT'S ORDER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Defendants, and file these objections to the court's order granting Plaintiff's Fourth Motion to Enforce the Court's Order, and in support thereof would show the following:

1. Defendants object to the finding that "Defendants and their counsel have violated their discovery obligations by lodging frivolous objections, making inadequate productions, refusing to comply with the Court's Orders and asking third parties to destroy evidence.

   a. Counsel for Plaintiffs made no evidentiary showing that any of these general accusations ever took place between the court's April 27, 2015 order and May 4, 2015, the day Plaintiffs filed their Fourth Motion to enforce the court

Defendant's Objections to Court's Order on Fourth Motion to Enforce          Page 1 of 6

Exhibit AC                                                                                                  App.450

order.

b.    Counsel for Plaintiffs never made any evidentiary showing that Defendants were bound by a discovery obligation pursuant to TEX. R. CIV. P. 192.3. In fact, both of Plaintiffs' attorneys stated openly to the court that they have not yet served any discovery requests subsequent to the filing of their Fourth Amended Petition nonsuiting all prior claims, which has been on file with the Court since January 21, 2015. Instead, Counsel for Plaintiffs continues to rely on a discovery request served well prior to the filing of its January 21, 2015 Fourth Amended Petition which nonsuited the claims on which that discovery request was based and this court's July 27, 2014 Order Granting Plaintiff's First Motion to Enforce to maintain its position that they are owed certain documents.

c.    Counsel for Plaintiffs further made no evidentiary showing that the Defendants have lodged any frivolous objections to the demand for production or have produced materials that are less than responsive to a valid discovery request. They further failed to cite to any such objections and failed to include any such objections with their motion. Again, Defendants are not bound to produce any discoverable material to the Plaintiffs in the absence of a valid discovery request. As previously stated, Counsel for Plaintiffs rely exclusively on a discovery request and this court's order which were mooted by the Plaintiff's nonsuit of their claims in their Fourth Amended Petition on January 21, 2015. Plaintiffs have made no discovery requests of the Defendants since prior to the filing of the Fourth Amended Petition.

d.  Additionally, a finding of refusal to comply is disingenuous as it ignores the fact that Defendants filed a Petition for Writ of Mandamus with the First Court of Appeals, an action permitted by the Texas Rules of Appellate Procedure when a party feels that the court's actions are not permitted by the Texas Rules of Civil Procedure or the statutes. To comply with the invalid discovery request is to moot Defendant's right to request extraordinary relief from the appellate courts. Thus, Defendants are forced to choose between forgoing the right to seek extraordinary relief or sanctions that harm the defendants' finances and right to defend this suit. This is no choice, and is precisely what original proceedings are intended to prevent.

e.  Finally, Plaintiffs offered no evidence of any request made by the Defendants to third parties to destroy evidence since January 21, 2015, and certainly cannot prove that such a request was made following this court's Orders Granting Plaintiff's Second and Third Motion to Enforce the Court's Order.

2.  Defendants object to the finding that Defendant's Counsel has acted unprofessional to the Court, the Court's staff, and Plaintiff's counsel throughout this litigation.Counsel for Plaintiffs offered no evidence of any specific acts of unprofessional conduct engaged in by the Defendants, and certainly cannot point to anything that took place between April 27, 2015 and May 4, 2015. In fact, the only evidence that the Plaintiffs offered the court on this finding was the fact that Defendants had not complied with the court's order. Again, the court, having actual notice of the Petition for Writ of Mandamus filed with the First Court of Appeals, should take notice that a request for extraordinary relief is the professional method

Defendant's Objections to Court's Order on Fourth Motion to Enforce      Page 3 of  6

of lodging a formal disagreement with the court regarding an order that it entered, unless of course the court is of the opinion that filing a Petition for Extraordinary Relief is unprofessional.

3.      Defendants object to a finding that the Defendants have failed or refused to comply with four prior orders from the Court. Counsel for Plaintiffs relies on orders entered prior to the August 5, 2014 Settlement Agreement and the January 21, 2015 Fourth Amended Petition which nonsuited all of Plaintiff's Claims on which those two orders were based. The Court should not find that Defendants willfully disobeyed any more recent order of the Court, as Plaintiffs have not filed any discovery requests in connection with the sole claim for relief present in their Fourth Amended Petition. Because the Plaintiffs made no showing of any active discovery requests, the court's March 30, 2015 and April 27, 2015 orders cannot be considered valid orders, as the plaintiffs failed to prove the condition precedent to any relief at the hearings on both of those motions.

4.      Defendants object to a finding that the Defendant's did not comply with this Court's order even after sanctions were entered and a show cause order was threatened. For the reasons stated above, compliance with a nonexistent discovery request, or perhaps more precisely, a discovery request mooted by the Plaintiffs' own hands, deprives the Defendant of its right to seek extraordinary relief from the First Court of Appeals.

5.      Finally, Defendant's object to an award of $5,000.00 in attorney's fees incurred by the Plaintiffs to secure production of these documents. No evidence was taken by the court as to the costs of Plaintiff's attorney's fees in drafting the Fourth Motion

Defendant's Objections to Court's Order on Fourth Motion to Enforce      Page 4 of 6

and attending the two hearings held on this matter. Although Plaintiff did try to ask for attorneys fees relating all the way back to the initiation of this case, the court rejected this request as moot due to the settlement agreement between the parties and subsequent nonsuit. Additionally, Plaintiffs tried to enter into evidence the cost of preparing a response to the Petition for Writ of Mandamus, and the court rejected this as well. Thus, there was no remaining evidence for the court to consider and upon which to base a sanctions award of $5,000.00.

Respectfully submitted, *MOSSER LAW PLLC*

/s/ Nicholas D. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
Mosser Law, PLLC
2805 Dallas Parkway Suite 222
Plano, Texas 75093
Telephone 972-733-3223
Facsimile 469-626-1073
courtdocuments@mosserlaw.com
LAWYER FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 22, 2015, a true and correct copy of this document was served pursuant to Tex. R. Civ. P. 21 and 21a, to the following counsel/parties:

Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460


Nicholas D. Mosser
By: Nicholas D. Mosser